UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRANDON SAMPLE, ESQ, | ) | |
| and | ) | |
| BRANDON SAMPLE PLC. | ) | |
| Plaintiffs, | ) | No.   20-2959 |
| v. | ) | |
| FEDERAL BUREAU OF PRISONS. | ) | |
| Defendant. | ) | |

## **ORIGINAL COMPLAINT**

### I. Introduction

1.  Brandon Sample, Esq. ("Sample") is a licensed attorney in Vermont who practices in federal courts around the United States through his law firm, Brandon Sample PLC ("Sample Law Firm"). The Sample Law Firm focuses on providing legal services to persons charged with federal crimes and the civil rights of prisoners.

2.  Since at least January 2017, the Sample Law Firm has disseminated a newsletter ("Sample Newsletter") to federal prisoners with information about recent court decisions, pending and enacted legislation, federal prison matters, and other sundry topics of interest to federal prisoners. The newsletter is received by federal prisoners via the Trust Fund Limited Inmate Communicate System ("TRULINCS").

3.  On October 12, 2020, over 6,700 federal inmates who subscribe to the Sample Newsletter were sent information about a preliminary injunction issued in *Scholl, et al., v. Mnuchin, et al.*, No. 4:20-cv-05309-PJH (N.D. Cal.) concerning the payment of

$1,200 in CARES Act stimulus to prisoners. The *Scholl* injunction barred the federal government "from withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the sole basis of their incarcerated status." *Scholl, et al., v. Mnuchin, et al.*, No. 4:20-cv-05309-PJH (N.D. Cal.). On October 14, 2020, the *Scholl* court issued a permanent injunction with the same relief.

4.   On October 15, 2020, the Federal Bureau of Prisons ("BOP") in response to the October 12, 2020 Sample Newsletter imposed a BOP systemwide block on the email address news@brandonsample.com, the email address used to disseminate the Sample Newsletter.

5.   Sample and the Sample Law Firm though this lawsuit challenge the block of news@brandonsample.com—and derivatively the Sample Newsletter—as violative of the First Amendment of the U.S. Constitution.

## II. Parties

6.   Plaintiff Brandon Sample, Esq., is a licensed attorney in Vermont. His mailing address is P.O. BOX 250, Rutland, VT 05702.

7.   Plaintiff Brandon Sample PLC is a Vermont limited liability company through which Brandon Sample, Esq. practices. Brandon Sample PLC's mailing address is P.O. BOX 250, Rutland, VT 05702.

8.   Defendant Federal Bureau of Prisons is an agency within the U.S. Department of Justice. The Federal Bureau of Prisons' mailing address is 320 First Street N.W., Washington, DC 20534.

Case 1:20-cv-02959   Document 1   Filed 10/15/20   Page 3 of 10

### III. Jurisdiction & Venue

9. This Court has jurisdiction over the Plaintiffs' claims under 28 U.S.C. § 1331.

10. Venue is proper in the District of Columbia as the BOP's decision to block the email address news@brandonsample.com originated from the BOP's headquarters in Washington, DC and affects all of the BOP's institutions throughout the United States.

### IV. Statement of Facts

11. Sample and the Sample Law Firm provide legal services to persons charged with federal crimes and assists prisoners in vindicating their constitutional and statutory rights.

12. Since at least January 2017, the Sample Law Firm has disseminated a newsletter to federal prisoners with information about recent court decisions, pending and enacted legislation, federal prison matters, and other sundry topics of interest to federal prisoners. The newsletter is received by federal prisoners via TRULINCS, a limited e-mail communication system that most federal prisoners are authorized to use. The newsletter is sent from the email address "news@brandonsample.com."

13. Federal prisoners subscribe to the Sample Newsletter by submitting a contact request to news@brandonsample.com via TRULINCS. This results in an automated e-mail being sent to news@brandonsample.com with a code that Sample Law Firm staff must enter at https://corrlinks.com to establish communication with the prisoner.

**Original Complaint**                                                                                                  Page 3

14.     BOP Program Statement 4500.12, *Trust Fund Deposit Manual*, ("TRULINCS policy") governs the BOP's administration of TRULINCS.

15.     According to the TRULINCS policy, the BOP may reject e-mail messages sent to a prisoner if the e-mail is "detrimental to the security, good order, or discipline of the institution, or a threat to the public and staff, or it might facilitate criminal activity." When a specific e-mail is rejected, the sender is notified of the rejection and given the opportunity to file an appeal with the Warden.

16.     In addition, the TRULINCS policy allows the BOP to block e-mail addresses throughout the BOP. Per the TRULINCS policy:

> ■     Bureau-wide Block.   Request for Bureau-wide blocks should be routed to the Central Office Intelligence Section for approval.   If approved, these blocks will be placed by Central Office TRULINCS staff. These requests can be for a specific email address or an entire domain.

17.     Once an email address has been blocked, the sender may no longer use that e-mail address to communicate with federal prisoners.

18.     If the BOP subsequently decides to remove a block on an e-mail address, all of the contacts previously associated with the blocked e-mail address are no longer connected. Thus, if the BOP were to voluntarily remove the block on news@brandonsample.com, the previous 6,700 plus subscribers to that e-mail address would no longer be subscribed.

19.     Although the BOP has the technical ability to re-associate prisoner contacts with a previously blocked e-mail address, BOP will not restore the status quo before an e-mail block was instituted if a block is later removed. Instead, BOP requires

members of the public to rebuild their contact list, from zero. In other words, 6,700 plus individual contact requests would have to be sent by prisoners and approved by Sample Law Firm staff for the status quo *ante* to be restored.

20.     On October 12, 2020, a Sample Newsletter was sent to all of the Sample Newsletter subscribers from news@brandonsample.com stating:

> Everyone:
>
> I wanted to send everyone more information about the $1,200 stimulus payments. As previously indicated, a court has held that prisoners are entitled to these payments too. According to the law firm that started this litigation, the IRS requires prisoners to submit a written claim form for the payment, though. I have put up a short article on my website with information about this, along with the claim form. The text of the article is below. Your family members can access it here: https://sentencing.net/prison-conditions/stimulus-check-for-prisoners If you have not received your $1,200 stimulus payment, I hope you do and that this information proves useful to you.
>
> Sincerely,
>
> Brandon Sample, Esq.
>
> A federal judge has issued a preliminary injunction that requires the IRS pay $1,200 in stimulus to prisoners, holding that prisoners are eligible for CARES Act stimulus payments. However, prisoners must act fast in order to claim their stimulus payment. The IRS requires the submission of a form, postmarked no later than October 30, 2020, to receive the payment. I have uploaded the form and an example of how it might be completed here:
>
> Form that prisoners must use to request the payment:
> https://sentencing.net/wp-content/uploads/2020/10/EIP.Prisoner.Claim_.Form_.pdf
>
> Example of how the form should be filled out:
> https://sentencing.net/wp-content/uploads/2020/10/Stimulus.Prisoner.Example.pdf

Rumor is the IRS is rejecting online claim submissions by family members of prisoners. So if you want to get the stimulus payment on your books, you need to fill out the form and mail it to the IRS ASAP. I highly recommend that you send the form certified mail so you can track when it was sent. The example completed form encourages the prisoner to list the address of the prison where they are incarcerated. But for BOP prisoners that might not be the right way to do it since payments to prisoners are sent to the BOP's lockbox. I do not know for sure how BOP is going to handle stimulus payments that are sent to the institution. I encourage you to check with your institution for clarification on whether to list the Lockbox address (Inmate Name and Reg #, Post Office Box 474701, Des Moines, Iowa 50947-0001) or the institution address on the Form.

The address where the form must be sent to is below. Again if you are listing Des Moines, IA as the address then you would probably use the Kansas City address, but make sure to check with your institution.

If you live in….And you ARE NOT enclosing a payment use this address
Alabama, Arkansas, Delaware, Georgia, Indiana, Iowa, Kentucky, Maine, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Oklahoma, South Carolina, Tennessee, Vermont, Virginia

Department of the Treasury
Internal Revenue Service
Kansas City, MO 64999-0002

Arizona, Colorado, Connecticut, District of Columbia, Idaho, Kansas, Maryland, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, West Virginia, Wyoming

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0002

Florida, Louisiana, Mississippi, Texas
Department of the Treasury
Internal Revenue Service
Austin, TX 73301-0002

**Original Complaint** Page 6

Alaska, California, Hawaii, Illinois, Michigan, Minnesota, Ohio, Washington, Wisconsin

Department of the Treasury
Internal Revenue Service Fresno, CA 93888-0002

Good luck, and I hope you get your stimulus payment!

21. The content of the October 12, 2020, e-mail related to a preliminary injunction issued in *Scholl, et al., v. Mnuchin, et al.*, No. 4:20-cv-05309-PJH (N.D. Cal.) concerning the payment of $1,200 CARES Act stimulus to prisoners. The *Scholl* injunction barred the federal government "from withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the sole basis of their incarcerated status." *Scholl, et al., v. Mnuchin, et al.*, No. 4:20-cv-05309-PJH (N.D. Cal.) On October 14, 2020, the *Scholl* court issued a permanent injunction with the same relief.

22. The Internal Revenue Service's own website contains the following information concerning the eligibility of prisoners to receive the stimulus payment:

> **Q A14. Does someone who is incarcerated qualify for the Payment? (updated October 8, 2020)**
>
> A14. Pursuant to a preliminary injunction entered in **Scholl v. Mnuchin**, No. 20-cv-05309 (N.D. Cal. Sept. 24, 2020), appeal docketed, No. 20-16915 (9th Cir.), the IRS cannot deny a payment to someone who is incarcerated if they meet the criteria described above in the response to Q A1. Information can be provided to the IRS by using the Non-Filers: Enter Payment Info here online tool by November 21, 2020. Or, you may mail us a 2019 simplified paper tax return following the procedures at File a Simplified Paper Tax Return by the court-ordered deadline of October 30, 2020.
>
> The government has filed an appeal and request to stay the preliminary injunction. Any updates regarding the appeal will be posted on this webpage.

The link to the IRS's website with this information is here:

https://www.irs.gov/newsroom/economic-impact-payment-information-center-topic-a-eip-eligibility-and-general-information

23. Prior to the *Scholl* injunction, the BOP was actively working to prevent federal prisoners from receiving CARES Act stimulus payments. For example, BOP returned stimulus payments to the IRS and refused to deposit payments that were sent to prisoners.

24. On October 15, 2020, the Sample Law Firm received over 6,700 individual e-mail notifications from the BOP stating:

> This message informs you that you have been blocked from communicating with the above-named federal prisoner because the Bureau has determined that such communication is detrimental to the security, good order, or discipline of the facility, or might facilitate criminal activity. The prisoner with whom you were communicating is being informed of this block. You may appeal this block within 15 days of the date of this message by submitting a written request to the Warden of the prison where the prisoner is located. You should include a copy of this notice, an explanation of your appeal request, and any additional documents or information you wish to be considered.

### V. Count One
### (Violation of First Amendment)

25. Paragraphs 1-24 are hereby reincorporated as fully set forth herein.

26. Sample and the Sample Law Firm have a First Amendment right to communicate with prisoners via TRULINCS.

27. The BOP's decision to block the email address news@brandonsample.com and derivatively the Sample Newsletter that is sent via that email address, violates the First Amendment of the U.S. Constitution . There was no legitimate and neutral

explanation for the e-mail block on news@brandonsample.com. Rather, the block was intended to censor the content of the information the Sample Newsletter disseminated about the availability of economic stimulus to prisoners pursuant to the *Scholl* injunction.

28. The block on news@brandonsample.com was also imposed as retaliation for the Sample Newsletter's content about the availability of economic stimulus payments to federal prisoners.

## VI. Relief Requested

29. Sample and the Sample Law Firm seek an injunction directing the BOP to unblock news@brandonsample.com and to restore all 6,700 plus previously subscribed inmates to news@brandonsample.com.

30. Sample and the Sample Law Firm seek a declaratory judgment that the BOP violated Sample and the Sample Law Firm's First Amendment rights by blocking news@brandonsample.com and derivatively, the Sample Newsletter.

31. Sample and the Sample Law Firm seek their costs, attorney's fees, and such other relief the Court may deem just and proper.

/s/Brandon Sample
Brandon Sample
E-mail: Brandon@brandonsample.com
Bar ID: TX0144
Brandon Sample PLC
P.O. BOX 250
Rutland, VT 05702
Tel: 802-444-4357
https://brandonsample.com/
https://sentencing.net

*Counsel for Brandon Sample, Esq. and Brandon Sample PLC*